UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------- x
In re NBTY, INC. SECURITIES    : Master File No. 2:04-cv-02619-LDW(ETB)
LITIGATION                     :
                               : **ELECTRONICALLY FILED**
-----------------------------  :
This Document Relates To:      : CLASS ACTION
                               :
    ALL ACTIONS.               : Judge Wexler
                               : Magistrate Judge Boyle
---------------------------------------------- x

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff's
MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY
OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

COURTESY COPY OF ECF DOCUMENT

This matter came before the Court for hearing pursuant to an Order of this Court, dated May 2, 2007 ("Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated April 4, 2007 (the "Stipulation"). Due and adequate notice having been given to the Class of the Settlement, as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Settlement, including all members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation, and all claims contained therein, including all of the Released Claims, are, hereby dismissed without costs and with prejudice in full and final discharge of any and all claims belonging to Lead Plaintiff and the other members of the Class that were or could have been asserted as against each and all of the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the

Lead Plaintiff, the Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Upon the Effective Date, the Lead Plaintiff and each of the Class Members, on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any Persons they represent, and regardless of whether the Lead Plaintiff or any such Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of this Judgment shall have, with respect to each and every Released Claim, fully, finally, and forever released and discharged all Released Claims (including Unknown Claims) against the Released Parties, and shall forever be enjoined from prosecuting any Released Claims against any of the Released Parties, whether or not any Lead Plaintiff or such Class Member executes and delivers a Proof of Claim and Release.

6. All Class Members are hereby forever barred and enjoined from instituting or prosecuting any other action against the Released Parties in any court or tribunal asserting any Released Claim.

7. Upon the Effective Date hereof, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and their counsel from all Released Defendants' Claims (including Unknown Claims), arising out of or relating to the institution, prosecution, or settlement of the Litigation, excluding any claims for breaches of the Stipulation.

8. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and the publication of the Summary Notice as provided for in

the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the requirements of due process, and any other applicable law.

9. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or infirmity in any defenses asserted; or (b) is or may be deemed to be or may be used as an admission, concession, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal for any purpose other than to enforce the provisions of the Stipulation (and the Exhibits thereto), the Settlement contained therein, or the provisions of any related agreement or release. Defendants and/or the other Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of

claim preclusion or issue preclusion or similar defense or counterclaim, or in related litigation as evidence of the Settlement.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation and Settlement.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: CENTRAL ISLIP, NY 8/20/07

THE HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

S:\Settlement\NBTY 04.set\JGT 00044156.doc

Call -Mr. Holman
Case # 04 cv 2619 (LDW)(ETB)

Scanned

# William M. Holman

2642 SW 18th Pl.
Gresham, Oregon 97080

503-465-6770

E-Mail: bholman12@comcast.net

May 26, 2007
NBTY Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
PO Box 8040
San Rafael, CA 94912-8040

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 01 2007 ★

LONG ISLAND OFFICE

Dear Sir or Madam:

    I am a retired, very small individual investor. Not withstanding this, every month or so I will receive a notification that I have been a defendant in yet another securities litigation, often for several years, always without my knowledge or consent.
    Upon researching the matter I discover that one or more unprincipled attorneys have been promoting the litigation. First, they find, or more often invent, a security violation and get a sympathetic court to admit it as a "Class Action" suit whether there is a basis or not. Then the lawyers charge out with sabers rattling. The hope is that the defendant corporation will see the economic wisdom in making a settlement, not withstanding their innocence.
    The defendants realize it is a no-win situation. At trial, the unscrupulous lawyers' jury consultants may be able to select a jury that will find for the plaintiffs regardless of the facts and evidence. Even if the defendant should win the trial and subsequent appeals, it has cost them millions for their defense. So they settle. In this case it would appear that NBTY recognized this wisdom also.
    Were this scenario to play out in anything but the court system, it would be called what it really is....Extortion. It would make Tony Soprano proud.
    Whether the "Class Action" goes to trial or is settled beforehand, the results are usually pretty much the same. The "Class Action" members receive a few pennies per share of stock and the lawyers in this case will receive over **five million dollars ($5,000,000). Plus expenses.**
    These suits costs the defendant corporation millions and millions of dollars thereby reducing the value of the stock held by the very people these borderline criminals claim to be helping.
    This case appears to fall into this familiar pattern. I have never been a member of a terrorist organization and I'll be damned if I will allow myself to be a member of this one.
    Therefore, I am demanding that my name be removed from this case immediately.

Sincerely,


William M. Holman
-cc: US District Court, Eastern District of NY - Lerach Coughlin & other Crooks -
    Edwards Angell Palmer & Dodge LP - Senators Gordon Smith & Ron Wyden

# Exhibit 1